IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA JAMES ROBERTSON,**

**PLAINTIFF,**

VS.                                                                                       CASE NO. 18-3014

**KESHIA LEE, et al,.**

**DEFENDANTS.**

### MEMORANDUM AND ORDER

Plaintiff filed this pro se civil complaint in forma pauperis under 42 U.S.C. § 1983. This matter is before the court on plaintiff's motions for order (Doc. 10) and to recuse the undersigned judge (Doc. 11). In the motion for order (Doc. 10), plaintiff asks the court to enter an order directing the Kansas Department of Corrections to pay plaintiff's $1.00 initial partial filing fee from plaintiff's prison account. On February 20, 2018, the court received the $1.00 initial partial filing fee, which moots this request. The court therefore overrules plaintiff's motion for order (Doc. 10) as moot.

In the motion to recuse, plaintiff argues that the court's orders which require plaintiff to prepay an initial partial filing fee demonstrate a "high degree of favoritism to the defendants to make a fair judgment impossible". (Doc. 11). Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *U.S. v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). Because a judge has a duty to sit when no basis to recuse exists, however, only when good and sufficient reasons are presented should a judge recuse him or herself. *U.S. v. Jordan*, 678 Fed. Appx. 759, 768 (10th Cir. 2017). A judge who performs his or her job within the confines of judicial proceedings is insulated from a charge of bias, unless

specific evidence of bias reveals "such a high degree of favoritism or antagonism" as to make fair judgment impossible. *U.S. v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005). As such, adverse rulings, standing alone, are not themselves grounds for recusal. *Id*; *Green v. Dorrell,* 969 F.2d 915, 919 (10th Cir. 1992). Plaintiff provides no evidence of bias in his motion. He merely points to his disagreement with the court's rulings in this case. Accordingly, recusal in this matter is unwarranted and the court denies plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion for order (Doc. 10) and motion to recuse (Doc. 11) be and hereby are denied.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2018, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**